**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NOS. CR F 08-0392 LJO and CV F 10-013 LJO |
| Plaintiff, | |
| vs. | **ORDER ON DEFENDANT'S 28 U.S.C. § 2255 PETITION TO VACATE, SET ASIDE OR CORRECT SENTENCE** (Doc. 14) |
| JOSE DE JESUS GARCIA-GONZALEZ, | |
| Defendant. / | |

**INTRODUCTION**

Defendant Jose De Jesus Garcia-Gonzalez ("Mr. Garcia-Gonzalez") is a federal prisoner and proceeds pro se to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered Mr. Garcia-Gonzalez's section 2255 petition on the record and denies his requested relief.

**BACKGROUND**

**Plea Agreement**

Mr. Garcia-Gonzalez entered into a February 24, 2009 Fed. R. Crim. P. 11(c) Memorandum of Plea Agreement ("plea agreement") by which he agreed voluntarily to plead guilty to being a deported alien found in the United States after removal, in violation of 8 U.S.C. §1326. In the plea agreement, Mr. Garcia-Gonzalez agreed that the factual basis of the offense was true, to wit: he is a native and citizen of Mexico; he was removed from the United States on November 2, 2007; after his removal, he

re-entered the United States without permission of the United States Attorney General or the Secretary of the Department of Homeland Security; he was convicted of second degree robbery in violation of California Penal Code §211 on December 19, 1995 and was sentenced to two years imprisonment; and he was found in the Eastern District of California on September 9, 2008. Plea Agreement, pp. 6-7. The plea agreement provided Mr. Garcia-Gonzalez's knowing and voluntary waiver of his rights to appeal "his conviction and sentence...and to attack collaterally his mental competence and his plea, or his sentence, including but not limited to, filing a motion under 28 U.S.C. §2255." Plea Agreement, p.3. Mr. Garcia-Gonzalez further agreed that if he:

> ever attempts to vacate his plea, dismiss the underlying charges, or reduce or set aside his sentence...the government shall have the following rights: (1) to prosecute the defendant on any count to which he pleaded guilty; (2) to reinstate any counts that may be dismissed under this agreement; and (3) to file any new charges that would otherwise be barred by this [plea] agreement.

Plea Agreement, pp. 3-4.

The United States of America ("government") agreed to recommend a reduction in sentencing recommendation if Mr. Garcia-Gonzalez "clearly demonstrates acceptance of responsibility" and an additional four level reduction for agreement to an "'early disposition' of the case, under U.S.S.G. 5K3.1, without a trial and without filing any pretrial motions or any objections to the presentence report...and if the defendant is sentenced the same day he pleads guilty." Plea Agreement, p. 6. The government also agreed to "recommend a sentence at the bottom of the applicable sentencing guideline range." *Id*. The plea agreement informed Mr. Garcia-Gonzalez that the maximum potential sentence is, among other things, twenty (20) years imprisonment and a $250,000 fine, but that the government agreed to recommend a term of imprisonment forty-six (46) months. Plea Agreement, pp. 6-7.

## **Change of Plea and Sentencing**

The Court accepted the plea agreement at a February 27, 2009 hearing. At the hearing, Mr. Garcia-Gonzalez expressed that he had an opportunity to review the plea agreement with counsel, understood its, and agreed to its terms voluntarily. Mr. Garcia-Gonzalez further assented to waive his trial rights and his appellate rights.

Mr. Garcia-Gonzalez requested immediate sentencing, expressly waiving his right to time between the change of plea and sentencing. Mr. Garcia-Gonzalez acknowledged that he had an

opportunity to review the presentence report with counsel. The Court considered the presentence report and acknowledged the guideline range of 70-87 months. The Court further considered the 3553(a) factors, the 5K3.1 issues, and the government's recommendation for a low end sentence of 46 months. The Court sentenced Mr. Garcia-Gonzalez to imprisonment for a term of 46 months and granted Mr. Garcia-Gonzalez's request to be placed in a Southern California institution.

**Section 2255 Petition**

On January 4, 2010, Mr. Garcia-Gonzalez filed his section 2255 petition and related papers, asserting four grounds. The first two grounds assert ineffective assistance of counsel claims. In his first count, Mr. Garcia-Gonzalez challenges that a 1997 removal order was unconstitutional, and faults his counsel for failure to move for the dismissal of his indictment based on this issue. In his second count, Mr. Garcia-Gonzalez faults his counsel for failure to challenge the timeliness of the indictment. Mr. Garcia-Gonzalez contends that he re-entered and was removed from the United States multiple times between 1997 and 2002, and argues that the government should be judicially estopped from prosecuting his latest capture because the prosecution took place more than five years after his first removal in 1997. In his third count, Mr. Garcia-Gonzalez asserts that his sentence violates the due process clause because United States citizens are not subject to removal and have access to alternative programs whereas non-citizens may be removed after the period of imprisonment and have no access to alternative programs. In his fourth count, Mr. Garcia-Gonzalez charges that his conviction violates an unnamed treaty between the United States and Mexico because the crime to which he pled guilty has no counterpart prohibition in Mexico.

**DISCUSSION**

**Waiver**

Mr. Garcia-Gonzalez waived his right to attack his sentence collaterally with a section 2255 petition. A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992); *United States v. Read*, 778 F.2d 1437, 1441 (9th Cir. 1985). A defendant may waive the right to bring a section 2255 petition. *United States v. Abarca*, 985 F.2d 1012, 1013 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). "[A] prisoner may not collaterally attack a judgment if the prisoner waived the right to do so." *United States v. Racich*, 35 F.Supp.2d 1206, 1210

(S.D. Cal. 1999). A plea agreement does not waive the right to bring a section 2255 petition unless it does so expressly. *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994). The right to bring a collateral attack under section 2255 is statutory, and a "knowing and voluntary waiver of a statutory right is enforceable." *Abarca*, 985 F.2d at 1014.

Defendant's waiver of his appeal and collateral attack rights, as part of defendant's knowing and voluntary plea agreement, is valid. In the plea agreement, defendant agreed to a waiver of challenge to "his sentence, directly or subsequently, provided that the sentencing court accepts the stipulations between the parties and follows the recommendations of the government." The Court accepted the stipulations of the parties and downward reduced the sentencing from the Guidelines, 135 to 168 months to the sentence imposed as recommended of 108 months. Defendant waived his right to collaterally attack his sentence in a 2255 petition. Therefore, defendant is precluded from raising issues of failure to consider deportable alien or related mitigation factors in a 2255 petition which do not relate to the performance of his attorney. *See Escamilla*, 975 F.2d at 571; *Abarca*, 985 F.2d at 1013.

### **Voluntary and Intelligent Plea**

Mr. Garcia-Gonzalez's claims are precluded to the extent that they are based on his voluntary and intelligent plea. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). To determine voluntariness, the Court examines the totality of the circumstances. *Iaea v. Sunn*, 800 F.2d 861, 866 (9th Cir. 1986). A plea is voluntary if it "represents a voluntary and intelligent choice among alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "[A] plea of guilty entered by one fully aware of the direct consequences...must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes)." *Brady v. United States*, 397 U.S. 742, 755 (1970). In sum, "a guilty plea is void if it was 'induced by promises or threats which deprive it of the character of a voluntary act." *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995) (quoting *Machibroda v. United States*, 368 U.S. 487, 493 (1962)).

At the change of plea and sentencing hearing, and in his written plea agreement, Mr. Garcia-

Gonzalez acknowledged that he was aware fully of his choices and of the direct consequence of his agreement. He further acknowledged and agreed, in writing and orally before the Court, that he was entering into the plea of guilty voluntarily, that he was satisfied with his attorney's representation, and that no one had forced him or threatened him to plead guilty. Thus, under *Brady*, defendant's plea must stand, as his plea was voluntary and intelligent.

## Ineffective Assistance Of Counsel

Although Mr. Garcia-Gonzalez waived his right to attack collaterally his sentence through a voluntarily and intelligent plea, a defendant may not be able to "waive a claim of ineffective assistance of counsel based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F. 3d at 433. As such, this Court scrutinizes Mr. Garcia-Gonzalez's ineffective assistance of counsel claims.

When considering an ineffective assistance of counsel claim, a court must consider two factors. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); *Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 513 (1995). The first factor is whether the counsel's performance fell below an objective standard of reasonableness considering all of the circumstances. *Strickland,* 466 U.S. at 687-688, 104 S.Ct. at 2064; *Bloom v. Calderon*, 132 F.3d 1267, 1270 (9th Cir. 1997), *cert. denied*, 494 U.S. 1039, 118 S.Ct. 1856 (1998). A defendant must demonstrate that counsel's performance was deficient and that counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. A defendant must identify counsel's alleged acts or omissions that were not the result of reasonable, professional judgment considering the circumstances. *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995), *cert. denied*, 519 U.S. 848, 117 S.Ct. 135 (1996). There is a strong presumption that counsel's performance fell within the wide range of professional assistance. *Kimmelman v. Morrison*, 477 U.S. 365, 381, 106 S.Ct. 2574, 2586 (1986) (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065); *Bloom*, 132 F.3d at 1270; *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 677-678; 104 S.Ct. at 2063; *Quintero-Barraza*, 78 F.3d at 1348; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994).

The second factor for court consideration is whether the petitioner has affirmatively proven prejudice. *Strickland*, 466 U.S. at 693, 104 S.Ct. at 2067; *Bloom*, 132 F.3d at 1271. Prejudice occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. A reasonable probability is "a probability sufficient to undermine the confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2066. In addition, the court can find prejudice only when the outcome would have been different without counsel's errors. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843. A court must also evaluate whether the entire proceeding was fundamentally unfair or unreliable because of counsel's ineffectiveness. *See Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842-843; *Quintero-Barraza*, 78 F.3d at 1345; *United States v. Palomba*, 31 F.3d 1456, 1461 (9th Cir. 1994). A defendant may be granted a windfall, to which he is not entitled, if his/her conviction or sentence is set aside solely because the outcome may have been different but for counsel's errors. *Lockhart*, 506 U.S. at 369-370, 113 S.Ct. at 842. Thus, if a court finds that counsel's performance fell below an objective standard of reasonableness, and that but for counsel's unprofessional errors, the result of the proceeding would have been different, the court must determine despite the errors and prejudice, whether the proceeding was fundamentally fair and reliable.

Mr. Garcia-Gonzalez's claims fail to demonstrate that his defense counsel's performance was deficient and that his counsel made errors so serious as not to function as "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. Mr. Garcia-Gonzalez's ineffective assistance of counsel claims are based on Mr. Garcia-Gonzalez's removal in 1997. Mr. Garcia-Gonzalez challenges the underlying removal in 1997 and the timeliness of his indictment based on his 1997 removal. Mr. Garcia-Gonzalez admits in his complaint, however that he re-entered and was removed from the United States multiple times after his 1997 removal. Moreover, Mr. Garcia-Gonzalez admitted in his plea agreement that he was removed from the United States on November 2, 2007. The indictment and the factual basis of the plea agreement rely on the November 2, 2007, while the 1997 removal forms the basis of Mr. Garcia-Gonzalez's current challenge. Thus, Mr. Garcia-Gonzalez's challenges are inapposite to the factual basis upon which he was indicted and to which voluntarily and intelligently admitted.

Accordingly, Mr. Garcia-Gonzalez offers nothing meaningful to demonstrate erosion of his Sixth Amendment right to counsel or that counsel's conduct prejudiced the defense. There is no evidence that defense counsel made errors so serious as not to function as Sixth Amendment guaranteed counsel. Indeed, defense counsel cannot be expected to challenge an underlying removal that was not the subject of the criminal proceedings. In addition, the Court questions whether a challenge would have been successful, based on the facts asserted and the required elements of a challenge. *See* 8 U.S.C. §1326(d); *Daniels v. United States*, 532 U.S. 374, 382 (2001). Moreover, the indictment based on the 2007 removal was brought within five years. *See United States v. Ayala*, 35 F.3d 423 (9th Cir. 1994); 8 U.S.C. §1326(a)(2). Because Mr. Garcia-Gonzalez fails to establish that his defense counsel's performance was deficient, this Court finds that there is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ." *Strickland*, 466 U.S. at 694. Accordingly, Mr. Garcia-Gonzalez's ineffective assistance of counsel claims fail.

## CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Garcia-Gonzalez's requested section 2255 relief. The clerk is directed to close Case No. CV F 10-013 LJO.

IT IS SO ORDERED.

Dated:   **January 11, 2010**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE